**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>Yvette L Mason<br><br>Debtor(s)<br><br>Carrington Mortgage Services, LLC<br>Movant<br>V.<br>Yvette L Mason<br>Debtor(s)<br>KENNETH E. WEST<br>Trustee | Chapter 13<br><br>Case Number: 26-11247-amc |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**WITH RESPECT TO PROPERTY:**
**6357 Chew Avenue, Philadelphia, Pennsylvania 19138**

Carrington Mortgage Services, LLC, through its Counsel, McCalla Raymer Leibert Pierce, LLP, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Carrington Mortgage Services LLC (hereafter referred to as "Movant").

2. Yvette L Mason (“Debtor”) is, upon information and belief, an adult individual who is the owner of the property located 6357 Chew Avenue, Philadelphia, Pennsylvania 19138.

3. On September 10, 2007, Debtor executed and delivered a Note in the principal sum of $82,215.00 to Village Capital & Investment, LLC. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Debtor executed and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc., solely as nominee for Village Capital & Investment LLC. The Mortgage was duly recorded in the Office of the Clerk of Judicial Records in and for the County of Philadelphia, PA on September 26, 2007, as Instrument 51779342. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 6357 CHEW AVENUE, PHILADELPHIA, PENNSYLVANIA 19138.

6. By assignment of mortgage, the loan was ultimately assigned to Carrington Mortgage Services, LLC A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. The terms of the Note were amended by a Loan Modification Agreement dated July 01, 2015. A true and correct copy of the Loan Modification Agreement is attached as Exhibit “D”.

8. Debtor(s) filed the instant Chapter 13 Bankruptcy on March 27, 2026, and, as a result, any state court proceedings were stayed.

9. Debtor's mortgage loan is in default and is currently due for the July 1, 2026, payment and each subsequent payment through the date of the motion. Debtor has failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | | | |
|---|---|---|---|
| Monthly Payments in Default...................... | | | 7/1/26-9/1/26 |
| Due Date | Due Amount | # Months | |
| | | | Total Due |
| 7/1/2026-9/1/2026 | $988.74 | 3 | $2,966.22 |
| Suspense Balance:...................... | | | ($13.78) |
| Total Amounts Due as of :09/18/2026 | | | $2,952.44 |

10. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

11. As of September 18, 2026, the Unpaid Principal Balance of the loan is $123,155.36. The total debt of the loan is $134,925.98.

12. The Debtor’s Schedule A/B lists the value of the Property as $155,600.00.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

14. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d).

15. Movant requests that the stay of Bankruptcy Rule 4001(a)(4) be waived.

16. This Motion and the averments contained herein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this Motion, including fees and costs, due under the terms of the Mortgage and applicable law.

WHEREFORE, Movant, Carrington Mortgage Services, LLC, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(4).

Respectfully Submitted:

McCalla Raymer Leibert Pierce,

LLP

*By: /s/ Brent Lemon*

Brent Lemon
McCalla Raymer Leibert Pierce, LLP
325-41 Chestnut Street, Suite 725
Philadelphia, Pennsylvania, 19106
Telephone: 215-602-7218
Brent.Lemon@mccalla.com

Date: 10/9/2026